IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIRAWI ENTERPRISES LLC, d/b/a
Smokers World Discount Tobacco & More,

    Plaintiff,

v.

    Case No. 14-cv-644

SAAD MUSTAFA and SIM, INC., d/b/a
Smokers World Discount Tobacco & More,

    Defendants.

## ORDER FOR CONSENT JUDGMENT

The Plaintiff, TIRAWI ENTERPRISES LLC, d/b/a Smokers World Discount Tobacco & More ("Plaintiff") and the Defendants, SAAD MUSTAFA and SIM, INC. d/b/a Smokers World Discount Tobacco & More, ("Defendants"), having agreed to the entry of this consent judgment, it is ORDERED, ADJUDGED and DECREED as follows:

    1.    This court has jurisdiction over the subject matter of this action and jurisdiction over both the Plaintiff and Defendants.

    2.    Judgment is hereby entered in favor of Plaintiff and against Defendants on Plaintiff's claims of copyright infringement (Complaint Counts I-IV), unfair competition and false designation of origin (Complaint Counts V-VI, X, and XI), fraudulent misrepresentation (Complaint Count VII), and trademark infringement (Complaint Counts VIII-IX, XII, and XIII).

3. Defendants waive all defenses and counterclaims which have been or could have been raised in this action including all defenses and counterclaims for declaring that Plaintiff's trademarks and copyrights are invalid or unenforceable for any reason including failure to acquire rights of ownership, abandonment, estoppel, laches, or naked licensing, as well as any claims seeking cancellation of Plaintiff's trademarks and copyrights at issue.

4. Plaintiff's trademarks and copyrights identified in the complaint are valid, enforceable, and owned by Plaintiff.

5. Defendants shall pay to Plaintiff $70,000.00 by deposit into Plaintiff's counsel's trust account within five (5) days after the date of entry of this judgment. All other claims by Plaintiff for damages and attorney fees are dismissed with prejudice provided, however, that any such claims shall be preserved with respect to any infringement of, or unfair competition with, the copyrights and trademarks in suit by any Defendant after the date of entry of judgment.

6. Each party is to bear its own costs and attorney fees.

7. Defendants, their officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this PERMANENT INJUNCTION, are hereby permanently enjoined (A) from expressly or impliedly representing themselves to customers, potential customers, suppliers, potential suppliers, or the public to be affiliated in any way with Plaintiff; (B) from representing by words or conduct that any product or service provided, offered for sale, sold, advertised, or rendered by the Defendants

is supplied, authorized, sponsored or endorsed by or otherwise connected to Plaintiff; (C) from competing unfairly with Plaintiff in any manner by improperly using the Plaintiff's trademarks (including the SMOKERS WORLD word mark), logos, and copyrights, or any colorable imitation of any of them, and/or any mark that is likely to cause consumer confusion as to the source of either Plaintiff's or Defendants' tobacco shop(s) and services; (D) from using Plaintiff's trademarks (including the SMOKERS WORLD word mark) or colorable imitations thereof, logos, and copyrights for any commercial purpose, including in labels, signage, search engine optimization, coding statements, metatags, domain names, and advertising; and (E) from otherwise infringing the Plaintiff's trademarks (including the SMOKERS WORLD word mark), logos, and copyrights.

8. It is ordered that the Defendants deliver up for destruction all labels, signs, prints, insignia, letterhead, brochures, business cards, invoices and any other written or recorded material or advertisements in their possession or control containing the Plaintiff's trademarks (including the SMOKERS WORLD word mark), logos, and copyrights, or any colorable imitation of any of them.

9. It is ordered that the Defendants file with this Court and serve on Plaintiff within thirty (30) days from the date of this PERMANENT INJUNCTION, a report in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the terms of this PERMANENT INJUNCTION.

10. This PERMANENT INJUNCTION shall remain in effect until both of the following events occurs: (1) the expiration or express abandonment of Plaintiff's

copyrights in suit and (2) the expiration or express abandonment of Plaintiff's trademarks in suit.

11. This Judgment has been unconditionally accepted by authorized representatives of Plaintiff and Defendants.

12. The court retains jurisdiction to enforce this Order.

Entered this 8th day of September, 2015.

                                             Barbara B. Crabb
                                             United States District Judge

                                             Peter A. Oppeneer, Clerk of Court